IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CARDIANAL ANNA VINES CARTER,**

       Plaintiff,

  vs.                                     Civil Action 2:13-cv-0039
                                           Judge Watson
                                           Magistrate Judge King

**COLUMBUS STATE OHIO,** *et al.,*

       Defendants.

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, has moved for leave to proceed *in forma pauperis.* Doc. No. 1. Upon consideration, the Court concludes that the motion is meritorious and it is therefore **GRANTED**.

Plaintiff is **GRANTED** leave to prosecute her action without prepayment of fees or costs and judicial officers who render service in this action shall do so as if the costs had been prepaid.

However, having performed the initial screen of the *Complaint* required by 28 U.S.C. § 1915(e)(2), the Court concludes that the Court lacks subject matter jurisdiction and that the *Complaint* fails to state a claim upon which relief can be granted.

Although the *Complaint* is difficult to decipher, it appears that plaintiff intends to name as defendants the State of Ohio, the Mayor of the City of Columbus ["Marro Comons"], the Governor of the State of

Ohio ["Gov Casas"], the Columbus Police Department and "Record Officer," the Ohio Ethics Commission and one Seara Marlone Giffens. The Complaint appears to allege that plaintiff has filed a number of police reports against Ms. Giffens but no action has been taken against her. Plaintiff asks that her medical bills be paid and that she be awarded $2 million; she also seeks the "Death Penalty For all who Had Their hand in it." *Complaint*.

A private citizen has no "judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973). *See also Leake v. Timmerman,* 454 U.S. 83, 86-87 (1981); *Peek v. Mitchell*, 419 F.2d 575 (6th Cir. 1970); *Bond v. Thornburgh*, 891 F.2d 289 (Table), 1989 WL 149981 (6th Cir. December 12, 1989). Moreover, governmental officials ordinarily have no constitutional duty to protect a citizen by arresting another citizen. *Deshaney v. Winnebago Cy. Dept. of Social Services*, 489 U.S. 189 (1989); *Nobles v. Brown*, 985 F.2dd 235 (6th Cir. 1992). The *Complaint* therefore fails to state a claim for relief under federal law. Moreover, because the case does not present a claim between persons of diverse citizenship, the Court lacks diversity jurisdiction under 28 U.S.C. § 1332.

It is therefore **RECOMMENDED** that the action be dismissed.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*,

2

Case: 2:13-cv-00039-MHW-NMK Doc #: 2 Filed: 01/17/13 Page: 3 of 3  PAGEID #: 13

specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| | |
|---|---|
| January 17, 2013 | s/Norah McCann King |
| (Date) | Norah M$^c$Cann King |
| | United States Magistrate Judge |